# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4150-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAZAAR R. REDDING,

    Defendant-Appellant.

_____

Submitted January 21, 2021 – Decided March 9, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 04-11-2729.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jazaar R. Redding appeals Law Division orders of August 2, 2013 and August 23, 2018, denying his petitions for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

The basis for defendant's petitions arises from his claim that trial counsel advised him that he would be receiving community supervision for life (CSL) and not the more stringent parole supervision for life (PSL) when he pled guilty on January 10, 2005, to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).  The record reveals that defendant was placed on CSL and PSL, and then just PSL.

Trial counsel stated the Megan's Law plea form, including "[t]he special one that . . . explains to [defendant] exactly what community supervision for life entails[,]" was "filled out[]" with and "explained" to defendant.  Defendant confirmed this, also stating that he read and understood the plea form.  The Megan's Law conditions were reinforced by the judge's admonition to defendant that he would be "subject to [the] provisions of Megan's Law.  That is community supervision for life . . . . [A]mong other things, . . . you can't leave the state without anybody telling you to, and there has been a two-page document explaining to you in detail what community supervision for life is."  After defendant admitted that he had "sexual relations" with a fourteen-year-old

girl, the judge accepted his plea because it was entered "with full understanding[]" and "voluntarily[.]"

In accordance with the plea agreement, defendant was sentenced by the same judge on April 29, 2005, to two years' probation and time served. The judge stated he would be subject to "[t]he provisions of Megan's Law[,]" with "parole supervision for life." There was no mention of CSL. The judgment of conviction (JOC) entered on May 3, 2005, noted that, with two pre-filled check boxes indicating defendant was sentenced to "community supervision for life" and "a LIFE . . . term of parole supervision[.]" Defendant did not file a direct appeal.

On December 2, 2005, an amended JOC dated November 28, 2005, was entered, noting: "THE IMPOSITION OF SENTENCE IS SUSPENDED, AND THE DEFENDANT IS SENTENCED TO PAROLE SUPERVISION FOR LIFE."

On April 19, 2012, nearly seven years after his May 3, 2005 JOC and six-and-a-half years after his December 2, 2005 amended JOC, defendant filed a pro se PCR petition alleging counsel was ineffective for not fully explaining the concept of PSL and not arguing that he should not be subject to PSL because, among other reasons, the victim was not raped and she misled him to believe

she was eighteen years old, and he was not a sexual predator. After being assigned counsel, defendant argued that the five-year statutory time limit to file for PCR should not apply "because he did not understand the law or the benefits of appealing his case, and he felt that the case was closed once he was convicted."

Defendant's petition was dismissed with prejudice in an August 2, 2013 order, when he failed to appear for oral argument. PCR counsel did not know why defendant was not present. He advised the judge that the last time they met he told defendant of the court date, and that "every [phone] number I . . . have right now is off and not working." The judge stated defendant's petition was filed "almost" six-and-a-half years after the amended JOC, "well outside the five-year time limit[] mandated by [Rule] 3:22-12(a)(1)." Despite noting that he "was not overly impressed with [defendant's] argument[,]" the judge did not address "the merits of the petition in light of the fact that defendant has failed to" appear.

Defendant did not appeal the August 2, 2013 dismissal order, but over thirteen months later, on November 12, 2014, a different defense counsel filed a motion to reconsider the order. Defendant asserted that prior PCR counsel failed to advise him of the August 2, 2013 argument date. He also alleged that

prior counsel forged his signature on a "Notice of Right to Appeal (Post-Conviction Relief)" form.

The same PCR judge who dismissed defendant's first PCR petition, heard argument, and denied the application in a July 10, 2015 order and written decision. The judge initially determined that the motion to reconsider was untimely because it was filed over a year past the twenty-day period to file a reconsideration motion required by Rule 1:7-4(b). Considering the motion a second PCR because it alleged that the first PCR counsel failed to advise defendant of PCR argument date, the judge determined the application was untimely under Rule 3:22-12(a)(2)(C) because it was not filed within one year of the August 2, 2013 dismissal of the first PCR petition. Defendant's application was three months and ten days late. The judge further pointed out that defendant failed to provide an affidavit or certification supporting the allegation that he was not advised of the August 2, 2013 hearing date. See State v. Cummings, 321 N.J. Super 154, 170 (App. Div. 1999).

The judge also addressed the merits of defendant's underlying PCR claim that counsel was ineffective for not fully explaining the concept of PSL and, therefore, he should not be subject to PSL. Noting the claim was untimely filed over nine years after defendant was sentenced in April 2005, the judge found

5

there was no proof of excusable neglect for the late filing. R. 3:22-12(a)(1). The judge further found there was no showing that a fundamental injustice would result because defendant professeed no claim of innocence to the conviction of endangering the welfare of a child, but merely asserted he should not be subject to PSL. R. 3:22-12(a)(1). Defendant did not appeal the July 10, 2015 order.

Nearly three years later, a self-represented defendant filed another PCR petition dated June 28, 2018. Based upon the record, it is not apparent what defendant alleged because that petition is not provided. Defendant's two-page form affidavit in support of PCR, specifying his conviction, sentence, and prior PCR petition, is provided, but it makes no mention of his claims.

A different judge, treating the petition as a "second" PCR petition, denied relief in an August 23, 2018 order stating the:

> . . . petition is out of time under Rule 3:22-12(a)(3), which only permits a second petition for post-conviction relief to be treated as a first petition if filed within 90 days of the date of the judgment on direct appeal, and Rule 3:22-12(a)(2), which requires a second petition for post-conviction relief be filed within one year after the denial of the first petition . . . .

Before us, defendant argues:

TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO PROPERLY INFORM DEFENDANT THAT HE WAS SUBJECT TO PAROLE SUPERVISION FOR LIFE, THEREBY MAKING DEFENDANT'S PLEA UNKNOWING AND INVOLUNTARY. HE ALSO FAILED TO OBJECT OR CORRECT THE TRIAL COURT WHEN IT IMPOSED PAROLE SUPERVISION FOR LIFE.

POINT II

DEFENDANT WAS NOT AWARE OF THE AGE OF THE ALLEGED VICTIM, AND THUS HIS GUILTY PLEA WAS NEITHER KNOWING NOR VOLUNTARY[.]

We find no merit in these arguments.

Defendant's appeal of the August 2, 2013 order, which dismissed his first PCR petition, was not timely filed within forty-five days. R. 2:4-1(a). It is too late to challenge that order in his appeal. The petition was also deficient because it was filed well after five years of the conviction being challenged, with no showing of excusable neglect for its tardy filing and that fundamental injustice would occur if relief were denied. R. 3:22-12(a)(1)(A).

Defendant's appeal of the September 5, 2018 order likewise suffers from a timeliness deficiency. The order properly denied essentially defendant's third

PCR petition filed on June 28, 2018, because it was filed well after one year of the second or subsequent petition. R. 3:22-12(a)(2)(C).

No further discussion is needed in this opinion as defendant's arguments lack sufficient merit.[1] R. 2:11-3(e)(2).

---

[1] The appendix to defendant's merits briefs includes a May 22, 2019 certification from an Assistant Public Defender and a September 6, 2018 letter to defendant from the Office of Attorney Ethics of the Supreme Court enclosing a Court order of the same date stating that trial counsel was suspended from the practice of law for three months as a result of an ethics complaint defendant filed against counsel. The Court agreed with the findings of the Disciplinary Review Board that counsel violated

> RPC 1.2(a) (failure to abide by a client's decisions concerning the scope and objectives of the representation)[;] RPC 1.4(b) (failure to keep a client reasonably informed about the status of the matter)[;] RPC 3.3(a)(1) (knowing[ly] making a false statement of material fact or law to a tribunal)[;] RPC 4.l(a)(1) (knowingly making a false statement of material fact or law to a third person)[;] RPC 8.1(a)(knowingly making a false statement of material fact in connection with a disciplinary matter)[;] and RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation)[.]

Because the Court's order was not brought to trial court's attention and defendant's brief does not explain how the order impacts this appeal, we do not consider it. See State v. Marroccelli, 448 N.J. Super. 349, 373 (App. Div. 2017) (holding we "decline to consider questions or issues not properly presented to the trial court . . . unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.") (alteration in original) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)); Gormley v. Wood-

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

El, 218 N.J. 72, 95 n.8 (2014) (recognizing an issue not briefed is deemed waived).

A-4150-18